# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

**Chambers of**                                              **101 West Lombard Street**
**Douglas R. Miller**                                        **Baltimore, Maryland 21201**
**United States Magistrate Judge**              **MDD_DRMChambers@mdd.uscourts.gov**
                                                                          **(410) 962-7770**


March 31, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:    *Tammy C. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
        Civil No. 24-2972-DRM

Dear Counsel:

On October 11, 2024, Plaintiff Tammy C. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case (ECF No. 7) and the parties' briefs (ECF Nos. 10, 12 and 13). I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case for further consideration. This letter explains why.

## I.        PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on August 2, 2021, alleging a disability onset of April 14, 2020. Tr. 17. Plaintiff's claims were denied initially and on reconsideration. Tr. 85-89; 91-95. On June 14, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 17. Following the hearing, on September 8, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 29. The Appeals Council denied Plaintiff's request for review, Tr. 1-5, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security on October 11, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Tammy C. v. Bisignano*
Civil No. 24-2972-DRM
March 31, 2026
Page 2

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since April 14, 2020, the alleged onset date." Tr. 20. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "anxiety disorder, panic disorder, depressive disorder, post-traumatic stress disorder, degenerative joint disease of the knee, lumbar radiculopathy, migraine headaches, asthma and chronic sinusitis, and obesity." Tr. 10. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "hyperlipidemia, GERD, eczema, and hypertension," "contusion to the right knee," "nondisplaced toe fracture," "right shoulder bursitis," and an incidence of "COVID-19 in 2020." Tr. 20. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 21. The ALJ next determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except she cannot climb ladders, ropes, or scaffolds, and can occasionally climb ramps and stairs. She can stoop, kneel, crouch, crawl, and balance. She cannot tolerate exposure to atmospheric conditions and can tolerate only occasional exposure to extreme cold or heat, and humidity and wetness. She is limited to understanding and carrying out detailed, but not complex instructions. She can use judgment to make simple work-related decisions. She cannot work at a specific production-rate pace, as in an assembly line or where work requires hourly quotas. She can tolerate frequent interaction with supervisors and coworkers, and no interaction with the public. She is limited to work requiring only occasional changes in the routine work setting.

Tr. 23. At steps four and five, the ALJ determined that Plaintiff was unable to perform past relevant work as a produce clerk II, Tr. 27, but could perform other jobs that existed in significant numbers in the national economy such as retail marker, photocopy machine operator and folding machine operator. Tr. 28. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 29.

*Tammy C. v. Bisignano*
Civil No. 24-2972-DRM
March 31, 2026
Page 3

### III.    LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.    ANALYSIS

Plaintiff raises one argument on appeal: that the ALJ failed to ask the vocational expert ("VE") to consider a hypothetical claimant with Plaintiff's age classification ("one closely approaching advanced age"), and that this omission invalidates the VE's testimony as an independent basis of substantial evidence for the ALJ's decision. ECF No. 10 at 4-6 (citing *Jolly v. Barnhart*, 465 F.Supp.2d 498, 504-505 (D.S.C. 2006)).

Defendant counters that the vocational factors "are explicitly considered by the 'grid' rules," so that Plaintiff's changed age category was considered. ECF No. 12 at 8; *see* 20 C.F.R. Pt. 404, Subpt. P, Appx. 2. Defendant argues that the combination of Plaintiff's age category, RFC and vocational factors "does not result in a finding of disabled under the grid rules." ECF No. 12 at 8. Defendant contends that "when the ALJ was formulating a hypothetical scenario for an individual below the age of 55, he was already aware that her age was not a pertinent consideration for the vocational expert." *Id.* Defendant adds that even assuming it was error for the ALJ not to specify Plaintiff's age categories to the VE at the hearing, the VE affirmed he was aware of Plaintiff's work history, and "[s]uch reports indicate an individual's date of birth." ECF No. 12 at 9. Defendant argues that any error in instructing the VE with respect to age category was harmless. *Id.* Defendant distinguishes *Jolly*, in which an ALJ made an incorrect finding of a plaintiff's age category, from the instant case, in which the ALJ correctly noted in his decision both Plaintiff's date of birth and that her age category had changed since the alleged disability onset date. ECF No. 12 at 10. Finally, Defendant argues that the ALJ need not "address every piece of evidence" and that Plaintiff is asking the Court to "reweigh the evidence and substitute the Court's judgment for that of the ALJ." ECF No. 12 at 10.

In reply, Plaintiff responds that VE "testimony based on incomplete hypotheticals may not provide a basis for an ALJ's disability determination." ECF No. 13 at 2. Plaintiff argues that "[t]he ALJ relied on the testimony of the vocational expert, not the Grid Rules, to deny disability in this case, and the law is clear that he was obligated to advise the vocational expert at the hearing the

*Tammy C. v. Bisignano*
Civil No. 24-2972-DRM
March 31, 2026
Page 4

proper age of Plaintiff (50+) to consider before answering the hypotheticals." ECF No. 13 at 3. Plaintiff contends that "given the change of age categories in this case from under 50 to age 50+, age became a material factor that necessitated the ALJ advise the vocational expert at the hearing to consider an individual age 50+," and, had he done so, the VE might have advised that Plaintiff could have difficulty adjusting to the jobs identified at step five. ECF No. 13 at 3-4. As to Defendant's argument that the VE reviewed Plaintiff's work history which contained information about Plaintiff's birthdate, Plaintiff counters that "the law requires the ALJ give the vocational expert the proper age to use at the hearing," and "there is no way of knowing whether the vocational expert's testimony was based on Plaintiff's age as of her alleged onset date (48 years old) or her age as of the date of hearing (52 years old)." ECF No.13 at 4.

This Court has explained that the Medical-Vocational Rules set forth in 20 C.F.R. Part 404, Subpart P, Appendix 2, commonly known as the "Grids":

> allow an ALJ to evaluate a claimant's capability to do other work at Step Five of the sequential evaluation process. 20 C.F.R. Pt. 404, Subpt. P, Appx. 2 § 200.00. The Grids consider a claimant's RFC, age, education, and work experience, and direct a decision of "disabled" or "not disabled," based on whether there are jobs that exist in significant numbers in the national economy that a claimant can perform. When the ALJ's findings coincide with all of the criteria of a rule, the rule is dispositive as to whether a claimant is disabled. *Id.*

*Joyner v. Comm'r, Soc. Sec. Admin.*, No. SAG-13-3623, 2014 WL 5361276, at *1 (D. Md. Oct. 20, 2014). When the findings do not so coincide,

> the Commissioner uses a Grid Rule only as a framework and must produce other reliable evidence showing that the claimant can meet all the functional and vocational demands of "at least one suitable occupation representing a significant number of jobs in the economy." *Farnsworth v. Astrue*, 604 F. Supp. 2d 828, 859 (N.D. W. Va. 2009); *see* 20 C.F.R. §§ 404.1566(b), 416.966(b). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations" and vocational factors. *Mascio*, 780 F.3d at 635; *see also Britt v. Saul*, 860 F. App'x 256, 263 (4th Cir. 2021).

*Jennifer S. v. Bisignano*, No. 5:24-CV-00071, 2025 WL 2388607, at *2 (W.D. Va. Aug. 15, 2025). The vocational factors include age, education and work experience. 20 C.F.R. §§ 404.1560(c)(1), 416.960(c)(1) ("We will look at your ability to adjust to other work by considering your residual functional capacity and the vocational factors of age, education, and work experience, as appropriate in your case.").

Here, the ALJ stated that "[t]o determine the extent to which [the Plaintiff's] limitations erode the unskilled light occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's *age*, education, work experience, and residual functional capacity." Tr. 28 (emphasis added). However,

*Tammy C. v. Bisignano*
Civil No. 24-2972-DRM
March 31, 2026
Page 5

the transcript of the oral hearing does not reflect that the ALJ asked the VE about an individual of claimant's age.

At the hearing, the ALJ asked the VE whether he had read Plaintiff's "information regarding work history," and the VE answered affirmatively. Tr. 56. The ALJ then asked the VE whether and which jobs would be available to a hypothetical claimant in two scenarios. Tr. 56. In the first hypothetical, the ALJ addressed the VE, "I want you to assume a hypothetical individual of the Claimant's education and the past work we described," and then added various exertional limitations. Tr. 56. For second hypothetical, the ALJ specified, "I want you to assume the same limitations as hypothetical number one," and then added "assume the individual would be unable to adapt to routine changes in the work setting" and "required occasional reminders to stay on job tasks." Tr. 57-58. In neither hypothetical did the ALJ ask the VE, in rendering an opinion, to consider age or any age-related categories for the hypothetical claimant.

"In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Walker v. Bowen*, 889 F.2d 47, 50–51 (4th Cir. 1989) (citing *Stephens v. Secretary of Health, Education and Welfare,* 603 F.2d 36 (8th Cir.1979); *Chester v. Mathews*, 403 F. Supp. 110 (D. Md. 1975)). "A VE's uninformed opinions, or answers to questions that do not adequately describe the claimant's RFC and each vocational factor, are 'not particularly useful' to the ALJ's step-five determination." *Jennifer S. v. Bisignano*, 2025 WL 2388607 at *9 (quoting *Walker*, 889 F.2d at 50). "But the hypothetical question need not list each impairment; it need only give the claimant's age, education, experience, and residual functional capacity. *Britt v. Saul*, 860 F. App'x 256, 263 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 637-38 (4th Cir. 2015)).

The ALJ here did not ask the VE to consider age as a vocational factor, as required by the regulations. By the time of the hearing, Plaintiff was an individual "closely approaching advanced age," and that age category may have altered the assessment of her ability to adjust to the jobs the VE identified.

Regulations establish three broad age categories for claimants: a younger person under 50 years old, a person closely approaching advanced age between ages 50–54, and a person of advanced age who is age 55 or older. 20 C.F.R. § 416.963(c)-(e). In the last two age categories, the claimant's age is "an increasingly limiting factor in the person's ability to make . . . an adjustment." *Id.* For Plaintiff's particular category, a person closely approaching advanced age, the regulations state that the SSA "will consider that your age along with a severe impairment(s) and limited work experience may seriously affect your ability to adjust to other work." 20 C.F.R. §§ 404.1563(c), (d). 416.963(c), (d).

Given Plaintiff's status as a person closely approaching advanced age, it would have been important for the VE to incorporate Plaintiff's age, and thus age category, into consideration of Plaintiff's ability to adjust to the jobs the VE identified or consider if other jobs would be more appropriate. Without a proper hypothetical, the Court cannot know whether the VE considered a relevant vocational factor in rendering an opinion, and the Court cannot find that substantial

*Tammy C. v. Bisignano*
Civil No. 24-2972-DRM
March 31, 2026
Page 6

evidence supported the ALJ's decision which relied on the VE's opinion. *Walker*, 889 F.2d at 51 ("In this case the ALJ did not ask questions that ensured that the vocational expert knew what the claimant's abilities and limitations were. Therefore, his answers to those questions were not particularly useful.") *See also Jolly*, 465 F. Supp. 2d at 505 (D.S.C. 2006) ("Although the Regulations do not require consideration of age as a vocational factor if the claimant is a "younger person," the court finds that failing to consider a claimant's age as a vocational factor when the claimant is "closely approaching advanced age" is error. *See* 20 C.F.R. § 404.1563(d). As such, because the VE did not explicitly consider a significant vocational factor in reaching his opinion, the court can not find that the VE's opinion constitutes substantial evidence in support of the ALJ's determination.").

Defendant argues that Plaintiff's age "was not a pertinent factor" for the Grid Rules, because "under both applicable grid rules cited by the ALJ in his decision, Plaintiff's age category," RFC, and vocational factors do "not result in a finding of disabled under the grid rules." ECF No. 12 at 8-9. As discussed above, the Grid Rules provided only a framework in this case, and the ALJ relied on the VE's testimony as evidence that Plaintiff could perform other jobs in the national economy in deciding that Plaintiff was not disabled. Tr. 28. Defendant also argues that any error would be harmless because the VE was already aware of Plaintiff's age because the VE "affirmed that he was aware of Plaintiff's work history" and "[s]uch records indicate an individual's date of birth." ECF No. 13 at 9 (citing a "certified earnings record" and a "detailed earnings query" at Tr. 187, 192). Even accepting that the information was available for the VE to extrapolate Plaintiff's age category via these documents, the record does not clearly demonstrate that the VE did so and therefore was aware that the Plaintiff had changed age categories during the pendency of the application and was a person closely approaching advanced age at the time of the hearing.

"Remand is appropriate when 'the administrative record does not clearly demonstrate that [the claimant] can actually perform the occupations identified by the VE and relied on by the ALJ at the fifth step.'" *Jennifer S.*, 2025 WL 2388607 at *9 (remanding where ALJ "asked the VE only to assume someone who 'is the same age' as [the plaintiff]" but did not ask the VE to assume someone closely approaching advanced age or a specific age) (quoting *Keller v. Berryhill*, 754 F. App'x 193, 199 (4th Cir. 2018) (per curiam); *see also Vanderpool v. Berryhill*, No. 5:18-CV-44-RJ, 2019 WL 118414, at *7 (E.D.N.C. Jan. 7, 2019) (finding the ALJ erred in posing a hypothetical that "was too imprecise" because it asked the VE to consider a claimant with plaintiff's education but did not include plaintiff's limitations with reading and arithmetic skills, "so it is unclear whether the VE knew the facts. . . , and the VE's testimony cannot constitute substantial evidence.). *Cf. Strickland v. Berryhill*, No. 7:16-CV-252-FL, 2017 WL 3910436, at *11 (E.D.N.C. Aug. 21, 2017) (finding harmless error where the ALJ failed to include age in the hypothetical, but the plaintiff did not allege any harm and did not contend that her age would preclude her from performing any of the jobs identified at step five; the court also noted that the VE was present throughout the hearing and the ALJ asked the plaintiff her date of birth at the outset); *Hunt v. Berryhill*, No. 7:17-CV-83-FL, 2018 WL 4576787, at *6 (E.D.N.C. May 4, 2018) (finding harmless error where the ALJ failed to include age and work experience in the hypothetical, but plaintiff was "younger individual age 18–49" with no past relevant work experience, so neither

*Tammy C. v. Bisignano*
Civil No. 24-2972-DRM
March 31, 2026
Page 7

age nor work experience would have a limiting effect on the existence of jobs plaintiff could perform); *Bryant v. Saul*, No. 2:19-CV-00659, 2020 WL 5351657, at *10 (S.D.W. Va. Aug. 17, 2020) ("[T]he ALJ specifically clarified that Claimant was 50 years old immediately before asking the VE to assume someone of Claimant's 'same age.' Therefore, the hypothetical posed to the expert clearly assumed an individual of Claimant's age on the date of the hearing, which fell within the closely approaching advanced age category"), *report and recommendation adopted*, No. CV 2:19-0659, 2020 WL 5350287 (S.D.W. Va. Sept. 4, 2020); *Martell v. Astrue*, No. 2:10-CV-44, 2010 WL 5557047, at *33 (N.D. W.Va. Sept. 21, 2010) (finding harmless error where the ALJ failed to include in hypothetical the age and education level of the plaintiff, who was a "younger individual" under age 49 throughout, because "the VE was present for the entire hearing and testified he had reviewed the exhibits in Claimant's record," and "the record is replete with references to her date of birth as well as her educational level.").

The Court cannot find that substantial evidence supported the ALJ's determination, so remand is appropriate. In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.    CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge